IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD MINER | § | |
| | § | |
| v. | § | C.A. NO. C-11-039 |
| | § | |
| WARDEN KEITH ROY | § | |

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner is an inmate at the Federal Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. On February 14, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. (D.E. 1). Pending is Respondent's motion to dismiss. (D.E. 30). On October 17, 2011, Petitioner filed his response. (D.E. 31).[1] For the reasons set forth herein, Respondent's motion to dismiss is granted, and this habeas petition is dismissed.

## I. BACKGROUND

On April 14, 1995, a federal grand jury for the Eastern District of Missouri issued an initial indictment charging Petitioner with being a felon in possession of a firearm. (D.E. 2, at 5; D.E. 2-1, at 7). The final eight-count superseding indictment alleged that: (I) on January 6, 1993, he was a felon in possession of a firearm, (II) possessed the firearm with intent to distribute crack cocaine, and (III) used or carried a firearm in relation to a drug trafficking crime; (IV) on June 3, 1993, he was a felon in possession of a firearm; (V) on November 29, 1993, he was a felon in possession of ammunition; and (VI) on February 11, 1994, he was a felon in possession of a firearm, (VII) possessed the firearm with intent to distribute cocaine, and (VIII)

---

[1] Upon consent of the parties, (D.E. 12, 13), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 14); see also 28 U.S.C. § 636(c).

used or carried the firearm in relation to a drug trafficking crime.  United States v. Miner, 345 F.3d 1004, 1005 (8th Cir. 2003).

After Petitioner was convicted by a jury of all counts, the government dismissed Count III, and the district court sentenced him to 420 months in prison on January 18, 1996.  United States v. Miner, No. 4:95CR137-JCH (unpublished).  Petitioner immediately appealed his conviction to the United States Court of Appeals for the Eighth Circuit, which affirmed both the conviction and sentence.  United States v. Miner, 108 F.3d 967 (8th Cir. 1997).

Petitioner subsequently filed his initial habeas petition pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence on October 9, 1998, and the district court granted the motion to entertain a reduction in his sentence.  Miner v. United States, No. 4:95cv861, 2007 WL 1300396, at *1 (E.D. Mo. May 2, 2007) (unpublished).  Although the Eighth Circuit noted that the new 240 month sentence later imposed by the district court was well below the punishment range required by the Sentencing Guidelines, the court affirmed the new sentence on October 9, 2003.  Miner, 345 F.3d at 1006-07.

On July 12, 2004, Petitioner filed another motion pursuant to § 2255.  Miner v. United States, No. 4:04cv861-JCH, 2007 WL 148766, at *1 (E.D. Mo. Jan. 16, 2007) (unpublished).  While this second § 2255 motion was pending, the district court that sentenced him corrected the sentence miscalculation *sua sponte* and amended his sentence to 300 months' imprisonment on December 6, 2005.  Miner, 2007 WL 1300396, at *1.  On January 16, 2007, the district court dismissed this second § 2255 motion.  See generally Miner, 2007 WL 148766.

Petitioner filed his third § 2255 motion challenging his conviction and sentence on November 1, 2007.  Miner v. United States, No. 4:07cv1878-JCH (E.D. Mo. Nov. 29, 2007)

(unpublished).  The district court construed this motion as an unauthorized successive collateral attack and dismissed the petition.

On April 2, 2009, Petitioner filed a § 2241 petition challenging his conviction and sentence.  Miner v. Hollingsworth, 3:09cv254-MJR, 2009 WL 3156702 (S.D. Ill. Sept. 28, 2009) (unpublished).  The district court dismissed this action, concluding that § 2255 was not inadequate or ineffective to challenge his conviction or sentence.  Id. at *3-4.  On appeal, the Seventh Circuit affirmed the dismissal because "[t]here has been no new Supreme Court caselaw interpreting § 924(c) [use or carrying of a firearm in relation to a drug trafficking crime] since his last § 2255 motion."  Miner v. Hollingsworth, No. 09-3476 (7th Cir. February 23, 2010) (unpublished).

## II.  PETITIONER'S ALLEGATIONS

Petitioner is challenging the validity of his conviction and sentence on four grounds.  First, he alleges that the United States District Court for the Eastern District of Missouri violated the Speedy Trial Act, 18 U.S.C. § 3161, by failing to set a trial date within the prescribed time period.  (D.E. 1, at 3).  Second, he argues that his is actually innocent of using or carrying a firearm within the meaning of 18 U.S.C. § 924(c)(1).  Id. at 4.  Third, he protests the district court's interpretation of a previously filed habeas petition as successive.  Id. at 4-5.  Last, he contends that the trial court miscalculated his offense levels during sentencing.  Id. at 4.

## III.  DISCUSSION

Respondent maintains that Petitioner is not entitled to habeas relief because he seeks to collaterally attack his conviction in this § 2241 action without satisfying the Savings Clause exception set forth by § 2255.  (D.E. 30, at 9).

**A.     Plaintiff's Exhaustible Claims Were Exhausted.**

A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his administrative remedies through the BOP.[2]  See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted). Exhaustion, however, is not required "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."  Fuller, 11 F.3d at 62 (quoting Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985)).  Because Petitioner is actually challenging his underlying conviction through this § 2241 action, the BOP cannot grant the relief he seeks.  (D.E. 30, at 5).  Accordingly, Petitioner has no claim that could have been exhausted in this action.

**B.     This Court Lacks Jurisdiction To Address Petitioner's Claims.**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence.  Section 2241 is used to attack the manner in which a sentence is executed.  A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255.  Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes

---

[2] The BOP provides an administrative process by which inmates can present a complaint.  28 C.F.R. § 542.10 et. seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures).  First, the inmate must present the complaint informally on Form BP-8 to a staff member at the facility where he is housed.  28 C.F.R. § 542.13(a).  If this informal procedure does not resolve the issue, the inmate then commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP-9 with the warden at the local level.  28 C.F.R. § 542.14.  If unsatisfied with the warden's response, the inmate may submit an appeal on Form BP-10 within twenty days of the response to the regional director.  28 C.F.R. § 542.15.  Finally, if unsatisfied at the regional level, the inmate has thirty days from the date of the regional director's response to submit an appeal on Form BP-11 to the General Counsel.  Id.  The appeal to the General Counsel is the final administrative appeal provided by the BOP.  Id.

>  the remedy under § 2255 is inadequate or ineffective.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (emphases in original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000) (collecting cases).

Thus, a § 2241 petition, which attacks errors that occurred at trial or sentencing, must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452 (citations omitted). There is an exception to this rule, however, as discussed in Tolliver. Specifically, a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy afforded by § 2255 is "inadequate or ineffective," thereby invoking the Savings Clause of § 2255. 211 F.3d at 878 (citation omitted). The Savings Clause provides that successive petitions must be denied unless inadequacy or ineffectiveness is demonstrated:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

A petitioner must satisfy a two-prong test before the Savings Clause can be invoked to address errors occurring at trial, or sentencing in a petition filed pursuant to § 2241. The Fifth Circuit has explained the test:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at

5

>the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that "the remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention." Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (emphasis in original) (citing Pack, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements pursuant to § 2244(b) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pack, 218 F.3d 452-53 (citations omitted). Similarly, neither the application of a procedural barrier nor a prior unsuccessful § 2255 motion would be sufficient, in and of itself, to demonstrate the inadequacy or ineffectiveness of the remedy. Id. at 453.

> **1.    The Savings Clause of § 2255 is inapplicable to Petitioner's claim that his right to a speedy trial was violated.**

Petitioner contends that he is entitled to relief pursuant to § 2241 because § 2255 is inadequate or ineffective. In support of this assertion, he argues that Bloate v. United States, __ U.S. __, 130 S. Ct. 1345 (2010) recently overruled United States v. Hohn, 8 F.3d 1301 (8th Cir. 1993), the then-existing Eighth Circuit precedent that had foreclosed his Speedy Trial Act claim. (D.E. 2, at 7-8; D.E. 31, at 5). Due to this alleged violation of the Speedy Trial Act, he argues that the remedy afforded by § 2255 is inadequate and that the Savings Clause therefore applies.

Not all new Supreme Court rulings can form the basis of a collateral attack against a

6

then-proper conviction.  New rules of criminal procedure cannot be applied retroactively on collateral review unless they are "of such a nature that 'without [it] the likelihood of an accurate conviction is seriously diminished.'"  Bousley v. United States, 523 U.S. 614, 620 (1998) (quoting Teague v. Lane, 489 U.S. 288, 313 (1989) (plurality opinion)).  Such retroactively applied rules of procedure must "place[ ] certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or could be considered a watershed rul[e] of criminal procedure."  Id. at 620 (internal quotations and citations omitted); accord United States v. Gonzales, 327 F.3d 416, 417 (5th Cir. 2003) (citing Teague, 489 U.S. at 311).

In contrast, Supreme Court decisions "holding that a substantive federal criminal statute does not reach certain conduct" are applied retroactively because of the "significant risk that a defendant stands convicted of an 'act that the law does not make criminal.'"  Bousley, 523 U.S. at 620 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Reyes-Requena, 243 F.3d at 903-04 (citations omitted).  This focus on substance and procedure is intended "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted."  Bousley, 523 U.S. at 620 (internal quotations and citations omitted); Gonzales, 327 F.3d at 418 (citations omitted).  While the Supreme Court need not specifically mandate that its holdings are to be applied retroactively on collateral review, King v. Keller, 372 F. App'x 70, 73 (11th Cir. 2010) (per curiam) (unpublished), all retroactively applied Supreme Court pronouncements of criminal law must meet the standard set out in Bousley.

Even assuming that Bloate did overrule Hohn and that the trial court relied upon Hohn in order to avoid a violation of the Speedy Trial Act, Petitioner fails to show that the rule in Bloate

can be applied retroactively on collateral review. In Bloate, the Supreme Court dealt with "the narrow question whether time granted to a party to *prepare* pretrial motions is automatically excludable from the [Speedy Trial] Act's 70-day limit under subsection (h)(1), or whether such time may be excluded only if a court makes case-specific findings under subsection (h)(7)." 130 S. Ct. at 1349 (emphasis in original). This issue is one of procedure, not substance. Whether the trial court tried Petitioner within seventy days does not implicate an increased likelihood that he was wrongfully convicted of possessing a firearm or was involved in trafficking cocaine. In other words, he would not have been convicted of an "act that the law does not make criminal" merely because the trial court held his trial at a slightly later time than allowed by the Speedy Trial Act. Davis, 417 U.S. at 346. Furthermore, Bloate has not been regarded as a "watershed rule of criminal procedure" sufficient to warrant retroactive collateral review. See Hall v. Wilson, No. 6:10-CV-188, 2011 WL 676935, at *4 (E.D. Ky. Feb. 16, 2011) (unpublished) (declining to apply Bloate retroactively to prisoners collaterally challenging their conviction pursuant to § 2241).

To the extent that Petitioner argues there was a Speedy Trial Act violation in his trial based on Bloate, this ruling cannot be applied retroactively on collateral review. Accordingly, the Savings Clause of § 2255 is inapplicable to Petitioner's claim that the Speedy Trial Act was violated.

**2. The Savings Clause of § 2255 is inapplicable to Petitioner's claim that he was wrongfully convicted of possessing a firearm in relation to drug trafficking.**

In a separate claim, Petitioner asserts another basis on which § 2255's Savings Clause would entitle him to pursue post-conviction relief through a § 2241 action. He argues that Watson v. United States, 522 U.S. 74 (2007) overruled United States v. Cannon, 88 F.3d 1495

(8th Cir. 1995), the then-existing Eighth Circuit precedent that the district court allegedly applied in convicting him of violating § 924(c) for using or carrying a firearm in relation to a drug trafficking crime. (D.E. 2, at 17-19; D.E. 31, at 6). As a consequence, he now claims "actual innocence" according to the ruling in Watson. (D.E. 2, at 13).

In Watson, the Supreme Court ruled that a defendant cannot be convicted of "using" a firearm during the commission of a drug offense pursuant to 18 U.S.C. § 924(c) when he merely receives it in exchange for drugs. 552 U.S. at 76, 83. The Court did not overrule existing precedent conversely holding that the act of trading a firearm for drugs properly falls within the ambit of § 924(c). Id. at 79-81 (distinguishing Smith v. United States, 508 U.S. 223 (1993)). Nor did the Court overrule Bailey v. United States, 516 U.S. 137 (1995), which held that the version of § 924(c) then in effect did not support a conviction of a defendant based solely on evidence of proximity and accessibility of a firearm to drugs. Watson, 552 U.S. at 79, 81-83 (distinguishing the reasoning used in Bailey but also noting that an amendment to § 924(c) has superceded the holding of that case).

Given the subtle distinctions between conduct that violates § 924(c) and conduct that falls outside the statute's scope, it is unclear whether Watson is even applicable because neither Petitioner nor Respondent discuss the specific facts underlying the conviction. From the record, however, it does not seem that Petitioner was involved in either a drugs-for-guns or guns-for-drugs exchange. The district court addressing his initial habeas petition gave a brief account of the facts underlying Count VIII, the only remaining § 924(c) charge:

> On February 11, 1994, police officers were conducting
> surveillance of Michael Jordan's residence prior to executing a
> search warrant. Police observed [Petitioner] drive up to Michael
> Jordan's residence. Jordan came out of the residence and police

9

> saw [Petitioner] hand Jordan a white sack in exchange for money. Police followed [Petitioner] after he left Jordan's residence and later apprehended him after a car chase. After police executed the search warrant on Jordan's residence, they found a white and green sock filled with cocaine.

Miner v. United States, No. 4:98cv1708-JCH, at 7 (E.D. Mo. Mar. 27, 2001). Additionally, in the transcript from the sentencing hearing, the prosecutor delves into additional details relating to Count VIII:

> As to [C]ount VIII, the government's evidence that he did [use the weapon in connection with drug trafficking], that was presented was after the delivery and the car chase, he had a firearm in his waist and it was on the floor and recovered, and therefore it complies with the ruling of Bailey in that he did carry a firearm during the transaction and that's giving narcotics to Michael Jordan as the testimony was adduced....

(D.E. 2-2, at 12). In response, Petitioner's trial counsel contested the sufficiency of the evidence establishing that a weapon was being used during the transaction:

> ... [A]ccording to the testimony, that weapon was not seen going to and from the car, was not seen anywhere until much later. That in fact therefore, under Bailey, that should not occur either, because there was no indication as to the actual use or carrying....

Id. at 13.[3] Petitioner's brief in support of this petition also hints at a dispute regarding an officer's testimony at trial that "shortly after the drug exchange, a handgun fell from [Petitioner]." (D.E. 2, at 17 n.1).[4] Because the record indicates that Petitioner only engaged in a cash-for-drugs exchange, Watson does not appear to be applicable.

---

[3] Petitioner failed to file page 577 of the sentencing hearing transcript with the clerk's office, and it is therefore missing from the record.

[4] The report and recommendations concerning evidentiary matters for the underlying criminal trial also provide additional background information on the other Counts. Miner, No. 4:95CR137-JCH, at 7-11 (E.D. Mo. Sept. 22, 1995) (Magistrate Judge's Report and Recommendation) (unpublished).

Even if Watson applied to the facts of Petitioner's case,[5] this claim is ultimately successive. See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (explaining that a petition "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or 2) otherwise constitutes an abuse of the writ.'") (emphasis added) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)). Petitioner argues that because Watson was decided on December 10, 2007, the denial of his final § 2255 petition on November 29, 2007 should not prejudice his ability to raise a challenge premised on Watson in this § 2241 action. (D.E. 31, at 6). Nevertheless, he neglects to mention that he filed a prior § 2241 petition attacking his conviction on April 2, 2009–well after Watson was decided. See generally Miner v. Hollingsworth, 2009 WL 3156702. The district court summarily denied this § 2241 action for failure to demonstrate that the Savings Clause of § 2255 applied, and it does not appear that Petitioner premised any attack against Count VIII on Watson.

By bringing a Watson claim in this fresh § 2241 petition, Petitioner is attempting to litigate a claim he could and should have already raised in his initial § 2241 action challenging his conviction. Even worse, he fails to cite any decisions or statutes showing that a successive § 2241 action attacking the underlying conviction is functionally and legally different from a successive § 2255 motion for the purposes of the AEDPA bar against "second or successive" habeas petitions. On the contrary, the Fifth Circuit and other courts have repeatedly emphasized

---

[5] Because Watson limited the substantive scope of 18 U.S.C. § 924(c), there is a colorable argument that it is retroactively applicable for the purposes of the Savings Clause of § 2255. See Reyes-Requena, 243 F.3d at 903 (providing that a prerequisite for using the Savings Clause is the existence of a "[Supreme] Court decision based on the substantive reach of a federal statute" (citations omitted)). This Court declines to reach this issue, however, because Petitioner's reckless filings habits have made this petition successive.

that petitioners cannot use the Savings Clause of § 2255 to circumvent the procedural bars imposed by AEDPA. Tolliver, 211 F.3d at 877-78 (citations omitted); Kinder, 222 F.3d at 214; Gilbert v. United States, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc). Therefore, the Savings Clause of § 2255 is inapplicable to Petitioner's claim that he was wrongfully convicted pursuant to § 924(c) for using or carrying a firearm in connection with a drug trafficking crime.

### 3. The Savings Clause of § 2255 is inapplicable to Petitioner's claim that his sentence was wrongly calculated.

Petitioner argues that he is entitled to habeas relief because the trial court wrongly calculated his sentence in light of Amendment 547, which was a clarifying amendment that became effective after he was originally sentenced. (D.E. 2, at 25). He therefore argues that he should have received a shorter sentence. Id. at 29.

Petitioner is not entitled to habeas relief pursuant to § 2255 because this claim is "second or successive." Orozco-Ramirez, 211 F.3d at 867. Petitioner was originally sentenced on January 18, 1996, (D.E. 2-1, at 16), but his sentence was corrected on December 6, 2005. The effective date for Amendment 547 is November 1, 1997. U.S. Sentencing Guidelines Manual app. C (2003). Given that Petitioner filed his first § 2255 petition on October 9, 1998 and his third § 2255 petition on November 1, 2007–well after Amendment 547 was enacted–he is again attempting to use this § 2241 action to litigate a claim he failed to raise earlier. He also fails to cite any decisions or statutes supporting the proposition that he can file a § 2241 action based on new claims he could have brought in an earlier § 2255 petition.

Accordingly, this claim must be denied because petitioners cannot use the Savings Clause in § 2255 to circumvent the procedural bars imposed by AEDPA. Tolliver, 211 F.3d at 877-78 (citations omitted); Pack, 218 F.3d at 452-53 (citations omitted); Kinder, 222 F.3d at

214; see also Gilbert, 640 F.3d at 1312 ("Every circuit to decide this issue has reached the same conclusion we do: the Savings Clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h).").[6] The Savings Clause of § 2255 is inapplicable to Petitioner's claim that his sentence was wrongly calculated.[7]

---

[6] Petitioner also fails to show a "complete miscarriage of justice" sufficient to allow him to pursue habeas relief through a § 2255 action. "An amendment to the sentencing guidelines is retroactive only if it is intended to clarify application of a guideline [and] was not intended to make any substantive changes to [the guidelines] or [their] commendatory." United States v. Davidson, 283 F.3d 681, 684 (5th Cir. 2002) (citations and internal quotations omitted). The Fifth Circuit permits retroactive application of a clarifying amendment on direct review. See United States v. Meza, 250 F. App'x 651, 655 (5th Cir. 2007) (unpublished) ("Amendments to the guidelines intended as clarifications ... may be considered on direct appeal even when the amendments were not effective at the time of sentencing." (citing United States v. Anderson, 5 F.3d 795, 802 (5th Cir. 1993)). On the other hand, collateral attacks against an underlying sentence on the basis of a clarifying amendment are not allowed pursuant to § 2255 unless the claim "could not have been raised on [direct] appeal and if it would result in a complete miscarriage of justice." United States v. Samuels, 59 F.3d 526, 529 (5th Cir. 1995).

The Fifth Circuit restricts the use of clarifying amendments in a § 2255 petition because no constitutional issue is implicated by the misapplication of the Sentencing Guidelines:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.... A district court's technical application of the Guidelines does not give rise to a constitutional issue.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citations omitted); accord Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (collecting cases from other federal circuit courts demonstrating that "a claim that the sentence imposed is contrary to a subsequently enacted clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice"). Where a petitioner was sentenced within the guideline range and failed to appeal the sentence, there has been no miscarriage of justice. Vaughn, 955 F.2d at 368. In addition, there is no miscarriage of justice if the amendment is not designated in U.S. Sentencing Guidelines Manual § 1B1.10 as having retroactive effect. See Samuels, 59 F.3d at 529 (finding no miscarriage of justice in denying habeas relief because the amendment did not appear in § 1B1.10) (citing United States v. Camacho, 40 F.3d 349, 353-54 (11th Cir. 1994)).

Even though he was temporally unable to raise this claim on direct review, Amendment 547 is not listed in U.S. Sentencing Guidelines Manual § 1B1.10 and therefore "it would not be given retroactive application." Samuels, 59 F.3d at 529 (citation omitted). Because he could not have proceeded in an initial § 2255 petition challenging his sentence on this ground, he cannot attempt to bring this claim in a § 2241 action to test his sentence on the same ground.

[7] The more appropriate vehicle for collaterally attacking a sentence based on a clarifying amendment is a motion pursuant to 18 U.S.C. § 3582(c)(2). United States v. Porter, 335 F. App'x 408, 409 (5th Cir. 2009) (per curiam) (unpublished) (affirming a district court's construction of petitioner's § 2255 challenge of his sentence based on a clarifying amendment as a § 3582(c) motion for reduction of his sentence). The Fifth Circuit, however, has

13

**4.      This Court lacks jurisdiction to consider an appeal of a district court's ruling from another district**.

Petitioner further requests that this Court reverse a ruling by the district court for the Eastern District of Missouri, in which the district court found that his § 2255 motion filed on November 1, 2007 was successive. (D.E. 2, at 22). In support, he cites to Magwood v. Patterson, __ U.S. __, 130 S. Ct. 2788 (2010) to demonstrate that the district court erred in finding that his petition was successive. However, a final order in a habeas corpus proceeding pursuant to § 2255 before a district judge "shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). Because the final order on Petitioner's November 1, 2007 habeas petition was entered by a district court sitting in the Eastern District of Missouri, he can only appeal the order to the Eighth Circuit Court of Appeals. Accordingly, this Court lacks jurisdiction to consider Petitioner's appeal of a decision rendered by the district court for the Eastern District of Missouri.

**5.      Federal court jurisdiction over any claim brought pursuant to a § 2255 motion by Petitioner is lacking.**

Where a petitioner is not entitled to proceed pursuant to the Savings Clause and § 2241, it is appropriate for the court to construe his petition as a motion pursuant to § 2255. Pack, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.") (citation omitted). Thus, Petitioner's motion is properly construed as a § 2255 motion.

Given that this petition is now treated as a § 2255 motion, the Court must determine

---

held that only amendments to the Guidelines listed in the United States Sentencing Guidelines Manual § 1B1.10(c) operate retroactively in the context of a § 3582(c)(2) motion. United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996). Given that Amendment 547 is not listed in § 1B1.10(c), Petitioner would not be entitled to collateral relief even if this § 2241 petition was construed as a § 3582(c)(2) motion.

whether jurisdiction is authorized by statute:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added).  Pursuant to § 2255, motions must be filed in the court where the sentence or conviction being challenged was imposed.  See <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1132 (5th Cir. 1987) (citation omitted).  Because Petitioner is challenging a sentence imposed by the Eastern District of Missouri, (D.E. 1, at 2), any § 2255 motion should be filed there.  Consequently, jurisdiction over Petitioner's § 2241 petition is not proper in this district.

## IV.  CONCLUSION

In summation, the Savings Clause of § 2255 does not permit Petitioner to proceed with this § 2241 petition attacking his conviction and sentence.  Once Petitioner's application is construed as a § 2255 motion, the Court finds that jurisdiction over this action in this district is lacking.  Moreover, construed as a § 2255 motion, Petitioner presents two claims that are "second or successive" within the meaning of <u>Orozco-Ramirez</u>.  He is therefore required to obtain the approval of the Eighth Circuit before proceeding with filing a "second or successive" § 2255 motion in the Eastern District of Missouri.  See <u>Tolliver</u>, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Based on the foregoing reasons, Respondent's motion to dismiss, (D.E. 30), is GRANTED, and Petitioner's habeas petition for relief pursuant to 28 U.S.C. § 2241, (D.E. 1), is DISMISSED.

ORDERED this 8th day of November 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE